UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Lloyd White, MD, Pro Se | Raymond Fitzgerald | |

**Proceedings:** DEFENDANTS STATE OF CALIFORNIA AND TAMARA GARVER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. No. 12, filed July 18, 2014)

## I. INTRODUCTION

This case arises out of disciplinary action through which plaintiff Lloyd George White lost his medical license. On August 22, 2013, plaintiff filed a complaint in this court. Dkt. No. 1. On March 10, 2014, plaintiff filed the operative First Amended Complaint ("FAC") against defendants Tamara Garver ("Garver"), Verdeena Richardson ("Richardson"), and the Medical Board of California ("Medical Board").[1] Dkt. No. 4. The two individual defendants are sued in their personal and official capacities. Id. The FAC asserts claims under 42 U.S.C. § 1983 for (1) violation of the Eighth Amendment, (2) discrimination in violation of the Equal Protection Clause, and (3) violation of the Due Process Clause. Id. Plaintiff seeks damages and unspecified injunctive and declaratory relief. Id.

On July 18, 2014, defendants filed a motion to dismiss the FAC. Dkt. No. 12. On September 15, 2014, plaintiff filed an opposition. Dkt. No. 15. On October 6, 2014, defendants filed a reply. Dkt. No. 17. On October 20, 2014, the Court held a hearing on the matter. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The FAC identifies Garver as Tamara "Jazzie," "Jazzaie," or "Jazaie." The FAC identifies Richardson only as "Ms. Richardson," but plaintiff refers to her as "Verdeena Richardson" in his opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

## II. FACTUAL BACKGROUND

The FAC alleges the following facts, which the Court takes as true for purposes of this motion. Plaintiff became a California-licensed physician in 1978. FAC ¶ 10. According to plaintiff, the disciplinary action that led to this lawsuit concerned the alleged inadequacy of a patient's chart in 1990. Id. ¶ 13. The Medical Board initially placed plaintiff on probation, apparently in early 2004.[2] Id. ¶ 14. Plaintiff contends that the Medical Board placed unreasonable probationary conditions on him, id. ¶¶ 14–16, and that defendant Tamara Garver delayed in verifying required proctored surgeries, id. ¶¶ 17–20. Plaintiff also alleges that Garver made unfounded accusations against him and insisted on drug testing him without reasonable grounds. Id. ¶¶ 23–24. On January 14, 2010, the Medical Board filed an Accusation and Petition to Revoke Probation, which plaintiff claims not to have timely received. Id. ¶ 26. On April 27, 2010, plaintiff met with Medical Board probation officers who told him that the State of California ("the State") intended to revoke his license. Id. ¶ 27.

The Medical Board filed a Default Decision and Order on June 22, 2010, revoking plaintiff's medical license effective July 22, 2010. Id. ¶ 30. Plaintiff alleges that he did not file a timely defense or request for a hearing because he was expecting the State to serve him with additional papers. Id. ¶¶ 27–29. On July 14, 2010, plaintiff moved to set aside the default order; the Medical Board denied the motion. Id. ¶ 32. Plaintiff petitioned the California Superior Court for a writ of mandate on November 3, 2010. Id. ¶ 33. The Superior Court twice remanded the matter to the Medical Board for clarification, but affirmed the Medical Board's decision the third time the matter reached the court. Id. ¶¶ 33–35. Plaintiff appealed the decision to the California Court of Appeal, which dismissed plaintiff's appeal on April 20, 2012. Id. ¶ 36; White Decl. Ex. 8. The California Supreme Court also denied plaintiff's appeal. FAC ¶ 36.

---

[2]Plaintiff does not plead the start date of his probation, but alleges that he was placed "on probation by stipulated settlement initially for three years," later "extended . . . to six years." FAC ¶ 14. Plaintiff also alleges that the Accusation and Petition to Revoke Probation was filed "[o]n January 14, 2010, only a few days prior to the expiration of the second probationary term." Id. ¶ 26. Therefore, it seems that the initial probationary period began sometime in early 2004.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. The Rooker-Feldman Doctrine

Defendants argue that the entire suit is barred by the Rooker-Feldman doctrine. This doctrine stems from the principle that "[f]ederal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions." Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)). "This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court action involves federal constitutional issues." Dubinka, 23 F.3d at 221. To determine whether the Rooker-Feldman doctrine bars jurisdiction, courts must analyze "whether the constitutional claims are 'inexplicably intertwined' with the state court's rulings in a particular plaintiff's case." Id. (quoting Feldman, 460 U.S. at 483–84 n.16).

The Court finds that plaintiff's suit is not barred by Rooker-Feldman principles. If this Court sat in a different circuit, this conclusion might be different. On very similar facts, the Court of Appeals for the First Circuit found the doctrine applicable. See Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698 (1st Cir. 1995). In Wang, the plaintiff physician's medical license was revoked by the Massachusetts medical board, and then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

by the New Hampshire board under a reciprocal revocation statute. Id. at 699. Following a lengthy investigation, the New Hampshire board found that the conduct that had prompted the Massachusetts board to revoke his license independently justified revocation of plaintiff's New Hampshire license. Id. at 699-700. Claiming deprivations of his state and federal due process rights, plaintiff appealed the decision to the New Hampshire Supreme Court, which affirmed the New Hampshire board's action. Id. at 700. Subsequently, taking up § 1983 due process claims brought by the plaintiff, a federal district court dismissed claims for monetary relief against the board on grounds of sovereign and absolute immunity, and granted summary judgment on claims for injunctive relief against the board because it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. Id. The Court of Appeals affirmed, finding that the plaintiff's due process claims were "inextricably intertwined" with the New Hampshire Supreme Court's decision.

The Ninth Circuit, however, has expressly disapproved Wang, reasoning that "[s]uch a broad meaning of the phrase 'inextricably intertwined' . . . is not warranted by the Supreme Court's decision in Feldman, where the phrase originated. Nor is it warranted by the function of the Rooker-Feldman doctrine in our federal system." Kougasian v. TMSL, 359 F.3d 1136, 1142 (9th Cir. 2004). The court explained that if the "inextricably intertwined" test meant that "a federal plaintiff can never raise issues that are 'inextricably intertwined' with issues already decided in state court litigation . . . . Rooker-Feldman would in some cases give greater preclusive effect to state court judgments than the states themselves would give those judgments." Id. at 1142–43.

Accordingly, courts in the Ninth Circuit apply a narrower conception of "inextricably intertwined":

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction.

Id. at 1140 (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003). The application of this rule in Kougasian is instructive. There, a widow whose husband died in a ski

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

accident brought two unsuccessful state court suits against the operator of the ski area, and then brought a diversity action in federal court. Id. at 1137–39. The Ninth Circuit held that Rooker-Feldman principles did not bar the plaintiff's federal action to the extent that the plaintiff's claims for relief were based on allegations of extrinsic fraud on the state court, including an allegedly false declaration submitted by the state court defendants. Id. at 1140–41. But even with regard to claims not based on extrinsic fraud—or "even if the federal court conclude[d] that there was no extrinsic fraud"—the court held that Rooker-Feldman did not bar the plaintiff's federal suit. See id. at 1142–43. The court reasoned that

> Kougasian does not, in these causes of action, allege legal errors by the state courts; rather, she alleges wrongful acts by the defendants, such as negligently designing the ski run and negligently placing or failing to remove the rock. It is true that factual allegations and legal claims in these four causes of action are almost identical to the allegations and claims asserted in state court . . . but that is not sufficient reason to find the causes of action barred by Rooker–Feldman.

Id. at 1142. The Court explained that the plaintiff's federal claims were "inextricably intertwined" "[i]n an ordinary language sense" with issues decided in the previous state litigation, but not within the "narrow and specialized meaning" of the Rooker-Feldman doctrine. Id. The Court remanded the action to the district court for a determination of whether state preclusion principles nevertheless barred the plaintiff's federal suit.

 Applying Kougasian, the Court finds that the Rooker-Feldman doctrine does not bar plaintiff's claims.[3] Plaintiff's case is indistinguishable in relevant respects from Wang, and would appear to be barred in a circuit that applies a broader interpretation of "inextricably intertwined." But applying the Ninth Circuit's precedents—and disapproval of Wang—the Court finds that the FAC alleges misconduct by the Medical Board and two of its employees, not "an allegedly erroneous decision by a state court."

---

 [3] Defendants' attempts to distinguish Kougasian are unpersuasive. It is true, as defendants argue, that this case does not involve allegations of extrinsic fraud on the court. But the Kougasian court's reasoning above was explicitly independent of the alternative extrinsic fraud rationale. See Kougasian, 359 F.3d at 1142–43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

Specifically, plaintiff alleges that Medical Board employees placed arbitrary and excessive probation conditions on him, unreasonably hindered his attempts to satisfy his probation, and revoked his medical license in violation of several constitutional rights. As in Kougasian, state preclusion law may provide an independent basis for barring plaintiff's claims, but defendants have not raised that issue, and the state courts' rulings are not on the record.

**B.  Defendants' Argument that the Statute of Limitations Bars Plaintiff's Claims Against Garver in Her Individual Capacity[4]**

State personal injury limitation statutes govern § 1983 claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (explaining that the applicable statute of limitations "is that which the State provides for personal-injury torts"); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985)). "In California, personal injury claims that accrued after January 1, 2003, are subject to a two-year statute of limitations." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2011) (citing Cal. Code Civ. Proc. § 335.1). The "accrual date of a § 1983 cause of action," however, "is a question of law that is not resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). Accrual occurs "when the plaintiff has a 'complete and present cause of action.'" Id. (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Put differently, the "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of action." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000)). State tolling rules apply unless they are incompatible with federal law. Azer, 306 F.3d at 936.

---

[4]Because, as discussed below, all of plaintiff's claims against the Medical Board and Garver in her official capacity fail for Eleventh Amendment reasons, the Court need not address plaintiff's argument that the statute of limitations bars those claims as well. Similarly, because the FAC does not allege any claims against Garver not barred by the statute of limitations, the Court need not address defendants' arguments that Garver is shielded by absolute and qualified immunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

Based on the allegations in the FAC, plaintiff's claims against Garver are barred by the statute of limitations. Garver was not named (or even mentioned) in the original complaint filed in this action. See generally Dkt. No. 1. Garver was therefore not a defendant to this action until plaintiff filed the FAC on March 10, 2014. Dkt. No. 4. Thus, absent any tolling, claims accruing prior to March 10, 2012 would be time-barred. Although difficult to say on the thin record before the Court, it is arguable that plaintiff's claims against Garver were equitably tolled during the pendency of plaintiff's state court litigation. See Donoghue v. Orange Cnty., 848 F.2d 926, 930 (9th Cir. 1987) (holding California's equitable tolling doctrine applicable to a plaintiff's § 1983 claim); Moore v. City of Costa Mesa, 678 F. Supp. 1448, 1449 (C.D. Cal. 1987) (explaining that the statute of limitations applicable to a plaintiff's § 1983 claim was tolled during the pendency of the plaintiff's "state suit on the same facts"). But even assuming that to be the case (without so deciding), the FAC was filed approximately twenty months after the California Supreme Court denied plaintiff's writ in July 2012, ending plaintiff's state court litigation.[5] Plaintiff originally petitioned the Superior Court for a writ of mandate on November 3, 2010. Therefore, even construing all uncertainties in plaintiff's favor and assuming that equitable tolling applies, any claims against Garver accruing before sometime in July 2010—four months prior to the filing of plaintiff's state court action, summing to twenty-four months with the period between July 2012 and March 2014—are time-barred. Although Garver does not plead dates with regard to his allegations against Garner, it appears that they all relate to conduct occurring no later than January 2010, or at the very latest when plaintiff met with five probation officers on April 27, 2010. See FAC ¶ 26. Nor is there any indication that plaintiff did not receive notice of these alleged actions until a later time. Therefore, these claims are all time-barred, and plaintiff's claims against Garver in her personal capacity are dismissed with leave to amend.[6]

---

[5]Plaintiff does not plead or state the precise date of the Supreme Court's denial of his writ, and neither party requested judicial notice of the denial. Plaintiff alleges that he appealed to the California Court of Appeal on April 4, 2012, that "[o]n or about May 1, 2012, the Board filed a motion to dismiss," and that the Court of Appeal and Supreme Court denied his appeal. FAC ¶ 36. In his opposition to the instant motion, plaintiff states that the Supreme Court "declined to hear" his case "in July, 2012." Opp'n at 4.

[6]Plaintiff's opposition advances a continuing accrual theory, asserting that Garver and other Medical Board employees have continued to violate his rights by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

**C.     The Eleventh Amendment**

     Defendants assert that the Eleventh Amendment bars plaintiff's claims against the Medical Board and Garver to the extent that she is sued in her official capacity. The Eleventh Amendment "prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent. Hans v. Louisiana, 134 U.S. 1, 15(1890). Absent a waiver, state immunity extends to state agencies and to state officers. Alabama v. Pugh, 438 U.S. 781, 782 (1978); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–46 (1993). In general, the federal courts lack jurisdiction over a suit against state officials when "the state is the real, substantial party in interest." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). However, under the Ex parte Young exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in violation of federal law for prospective injunctive or declaratory relief. 209 U.S. 123 (1908); see also Pennhurst, 465 U.S. at 102–106. "This exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct, 506 U.S. at 146; Edelman v. Jordan, 415 U.S. 651, 678 (1974) (finding that a federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief).

     Applying these principles, the Eleventh Amendment unquestionably bars plaintiff's damages claims against the Medical Board, a state agency, and Garver to the extent she is sued in her official capacity. See Forster v. Cnty. of Santa Barbara, 896 F.2d 1146 (9th Cir. 1990) ("The California Board of Medical Quality Assurance is an agency of the state of California. Under the eleventh amendment, it is therefore immune

---

"surreptitiously threatened persons making favorable recommendations on plaintiff's behalf." Opp'n at 5. Because the operative FAC does not contain these allegations, the Court does not consider them for statute of limitations purposes. Plaintiff also appears to argue that his claims did not accrue until the end of his state court litigation. But that could only be the case if his claims are really a request for harms inflicted by the state court judgment, in which case Rooker-Feldman would bar plaintiff's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

from private damages actions." (citations omitted)); Yoonessi, 352 F. Supp. 2d at 1104 ("[T]he Medical Board of California, as a state agency, is entitled to sovereign immunity."). Plaintiff does not contest this in his opposition. Plaintiff does argue, however, that his suit against the State and Garver in her official capacity is not entirely barred, because he seeks injunctive and declarative relief .

To the extent that plaintiff asserts claims against the Medical Board, a state agency, it is of no import that he seeks prospective relief, because "suits against the States and their agencies . . . are barred regardless of the relief sought." Puerto Rico Aqueduct, 506 U.S. at 146. To the extent that plaintiff seeks prospective relief against Garver in her official capacity pursuant to Ex parte Young, the Court must conduct a "straightforward inquiry into whether [the FAC] alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in the judgment)). This inquiry concerns "the substance rather than [] the form of the relief sought." Papasan v. Allain, 478 U.S. 265, 279 (1986).

Plaintiff styles the FAC as a "complaint for injunctive and monetary relief," and his request for relief seeks "injunctive relief against defendants." See Dkt. No. 4. But plaintiff's allegations concern alleged violations of federal rights committed several years ago, and the FAC contains no details as to the injunctive relief sought. Similarly, although plaintiff requests declaratory relief, his declaratory relief allegations simply contend that his license was wrongly revoked in 2010 in violation of his constitutional rights. See FAC ¶¶ 38-39. Therefore, the FAC does not seek any prospective relief that would fall within the narrow exception of Ex parte Young, and plaintiff's claims against the Medical Board (or the State) and Garver in her official capacity fail as a matter of law. As to the Medical Board, because amendment would be futile, this dismissal is without leave to amend. As to Garver, plaintiff shall have leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-6171-CAS(MANx) | Date | October 20, 2014 |
| Title | LLOYD GEORGE WHITE v. KAMALA HARRIS, ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss.  This dismissal is without leave to amend as it relates to the Medical Board, and with leave to amend as it relates to Garver in her personal and official capacities. Plaintiff shall have until **November 20, 2014**, to file an amended complaint correcting the deficiencies herein.  Plaintiff is admonished that any amended pleading should contain sufficient specific factual matter—including, to the extent possible, relevant dates—to show that plaintiff's claims against Garver in her individual capacity are not barred by the two-year statute of limitations.  Plaintiff is further admonished that any amended complaint should state what, if any, prospective relief plaintiff seeks against Garver in her official capacity, based on which continuing violations of federal law.  Plaintiff shall not add any claims not currently pled in the FAC.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |