UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Lloyd White | Raymond Fitzgerals | |

**Proceedings:**    DEFENDANT TAMARA GARVER'S MOTION TO DISMISS (Dkt. No. 26, filed January 14, 2015).

## I. INTRODUCTION

Plaintiff Lloyd G. White, M.D. filed the instant civil rights action on August 22, 2013. Dkt. No. 1. On November 19, 2014, plaintiff filed the operative Second Amended Complaint ("SAC"). Dkt. No. 20. Plaintiff brings claims against defendants Tamara Garver ("Garver") and Verdeen Richardson ("Richardson"), two employees of the Medical Board of California (the "Medical Board"), as well as Does 1 through 50, under 42 U.S.C. § 1983 for alleged violations of various constitutional rights.[1] Both defendants are sued in their personal and official capacities. SAC ¶¶ 6, 7.

On January 14, 2015, Garver filed a motion to dismiss the SAC. Dkt. No. 26. Plaintiff filed an opposition on February 25, 2015. Dkt. No. 27. Garver replied on March 9, 2015. Dkt. No. 30. On March 16, 2015, the Court held a hearing on the motion. For the reasons stated below, the motion is granted in part and denied in part.

## II. FACTUAL BACKGROUND

The SAC alleges the following facts, the truth of which the Court assumes for the purposes of this motion only. Plaintiff became a California-licensed physician on June 30, 1978. SAC ¶ 8. Although plaintiff successfully practiced medicine for more than

---

[1] Garver was originally sued as "Tamara Jazzie." The SAC does not state Garver's precise job title, but alleges that Garver and Richardson "are employees and not decsion-makers and not judges or prosecutors or members of the Board." SAC ¶ 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

three decades, disciplinary action against him arose from "an alleged inadequacy of the documentation in one patient's chart in 1990." Id. ¶¶ 9, 11. Plaintiff contends that neither "the hospital nor the insurance companies which paid for the operations found the report inadequate." Id. ¶ 11.

      Nevertheless, the Medical Board placed plaintiff on probation by stipulated settlement for a period of three years, later extended to six years. Id. ¶ 12. This probation required plaintiff to perform twenty-four proctored surgeries, see a Medical Board officer every three months, and complete one hundred units of continuing medical education. Id. ¶¶ 13, 14. Plaintiff contends that the proctored surgery requirement violated the Medical Board's bylaws because plaintiff had "never had a surgical violation or misadventure," and the punishment therefore lacked any nexus to the alleged violation. Id. ¶ 15. Plaintiff also avers that he has checked the Medical Board's website and has not found any other physician who was punished with more than sixty units of continuing medical education. Id.

      Plaintiff completed eight proctored surgeries at significant expense, and reported those surgeries as required. Id. ¶ 16. Nevertheless, Garver claimed to have lost those reports, and told the Medical Board that plaintiff "did not have any proctored surgery." Id. Garver then stopped plaintiff from performing additional surgeries during a five-month evaluation of his proctor. Id. ¶ 17. Plaintiff also alleges that Garver described plaintiff as "an incompetent physician" without any supporting evidence, and engaged in this "arbitrary" conduct against him because plaintiff is African-American. Id. ¶¶ 20, 21.

      Plaintiff alleges that Garver was "aware of," and by delaying plaintiff's probationary process "further exacerbated," issues in plaintiff's personal life, including a separation from plaintiff's wife, who froze plaintiff's assets, leaving him unable to afford malpractice insurance, and therefore unable to perform surgery and obtain patient referrals. Id. ¶ 18. Additionally, plaintiff formerly had a lucrative contract to provide medical services to nursing home residents in Northern California. Plaintiff contends that he lost this opportunity because Garver gave plaintiff "a letter to give to each nursing home stating he was on probation without indicating why," which caused the nursing homes to believe that plaintiff had "done something outrageous." Id. ¶ 19. Plaintiff declared bankruptcy in 2007. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

At some point, Garver demanded that plaintiff give a urine sample for a drug test, which involved plaintiff's exposing his "pelvic area and private parts to" Garver, even though Garver had no grounds to suspect plaintiff of drug use. Id. ¶ 22–23. Plaintiff avers that he "neither smokes nor drinks alcohol," and that Garver had no basis for thinking that plaintiff looked "spacey" or otherwise believing that a drug test was justified. Id. ¶¶ 25, 26. Garver subsequently ignored plaintiff's request for the results of the drug test. Id. ¶ 26. Plaintiff alleges that Garver subjected him to this mistreatment because he is African-American, and with the intention of humiliating plaintiff and preventing him from meeting the requirements of his probation. Id. ¶¶ 24, 27.

On January 14, 2010, the Medical Board filed an "Accusation and Petition to Revoke" plaintiff's probation, alleging failure to comply with certain terms and conditions of the probation. Id. ¶ 29. This petition was sent to plaintiff's prior address, and was returned to the Medical Board marked "unclaimed." Id. On April 27, 2010, plaintiff met with five Medical Board probation officers who informed him that the State of California intended to move to revoke plaintiff's medical license. Id. ¶ 30. Plaintiff alleges that "[d]efendants failed to inform [him] of the importance of the meeting," so that he did not have an attorney attend the meeting. At this meeting, Richardson "handed Plaintiff an envelope" that contained the Accusation and Petition to Revoke. Plaintiff "expected the State to move against him by serving him with papers," but there was no such further service. Id. Plaintiff explains that although he read the document at that time, he "did not appreciate its significance," and was "waiting for action by the California Attorney General which Defendants had told him would be forthcoming." Id. ¶ 73. Plaintiff alleges that, due to this misunderstanding, he did not timely file a notice of defense or request for a hearing by the deadline of May 12, 2010. Id. ¶ 32.

One June 2 or 22, 2010, the Medical Board filed a default decision and order to revoke plaintiff's license effective July 22. Id. ¶¶ 10, 33. The Medical Board did not inform plaintiff of the default prior to filing this default decision. Id. ¶ 33. Plaintiff did not immediately see the notice of default decision because he was in Florida visiting his terminally ill uncle. Id. ¶ 34. Following his return to California, plaintiff reviewed the notice and moved to set aside the default decision by motion filed on July 14, 2010. This motion was denied. Id. ¶ 35. Plaintiff petitioned the California Superior Court for a writ of mandate on November 3, 2010. The Superior Court remanded the matter to the Medical Board for a clarification of what evidence supported its findings. Id. ¶ 36. The Superior Court apparently rejected the Board's decision a second time, but then affirmed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

the default on November 9, 2011. Id. ¶¶ 37, 39. Plaintiff alleges that during these proceedings, the Superior Court precluded him from presenting a defense or examining witnesses, but permitted defendants to present new evidence when plaintiff was not present. Id. ¶ 37.[2] Plaintiff appealed the Superior Court's decision to the California Court of Appeal, and then the California Supreme Court. The California Supreme Court denied plaintiff's writ on July 14, 2012. Id. ¶ 40.

In December 2013, plaintiff applied to the Medical Board for reinstatement of his license. Id. ¶ 43. Two doctors recommended that plaintiff's license be restored. Plaintiff alleges that shortly thereafter, "Defendants contacted these physicians and cautioned them about recommending that [his] license be restored." Id.

Plaintiff alleges violations of three constitutional rights. First, he asserts that defendants violated the Eighth Amendment by imposing arbitrary and excessive penalties. SAC ¶¶ 48–58. Second, plaintiff alleges that defendants imposed excessive penalties and otherwise discriminated against him due to his race, violating equal protection. Id. ¶¶ 59–66. Third, plaintiff contends that defendants' handling of his probation and license proceedings deprived him of property without due process of law. Id. ¶¶ 67–84. He seeks compensatory and punitive damages, as well as a list of all medical doctors disciplined by the Medical Board over the past ten years and associated information including the punishment, race, and gender of each doctor disciplined.

### III. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint.

---

[2] Plaintiff also alleges that Richardson, along with her non-defendant bosses Barbara Johnson ("Johnson") and Linda Whitney ("Whitney"), "used trickery" in May 2012 to deny plaintiff an administrative hearing while he was in Florida caring for a dying relative. Id. ¶ 28. Plaintiff alleges that because he was "prevented from being in court . . . there was no opportunity to raise other issues other than revocation." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations," but "only when 'the running of the statute is apparent on the face of the complaint.' " Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 969 (9th Cir. 2009) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

### A. The Rooker-Feldman Doctrine

    Garver argues that consideration of the entire SAC is barred by the Rooker-Feldman doctrine, which stems from the principle that "[f]ederal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions." Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)). "This rule applies even when the state court judgment is not made by the highest state court, and when the

Case 2:13-cv-06171-CAS-JEM Document 31 Filed 03/16/15 Page 7 of 19 Page ID #:311

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

challenge to the state court action involves federal constitutional issues." Dubinka, 23 F.3d at 221 (citations omitted).

Rooker-Feldman bars not just direct attempts to appeal a state court's decision, but also "de facto" appeals. A forbidden de facto appeal is generally of two types: (1) the federal plaintiff "complain[s] of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court," or (2) the federal plaintiff "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." Noel v. Hall, 342 F.3d 1148, 1163 (9th Cir. 2003). When a plaintiff brings an improper de facto federal appeal, the federal court may not rule on issues that are " 'inextricably intertwined' with the state court judicial decision from which the forbidden judicial appeal is brought." Noel v. Hall, 342 F.3d at 1157. As the Ninth Circuit has explained:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker–Feldman does not bar jurisdiction.

Kougasian v. TMSL, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting Noel, 341 F.3d at 1164). The Kougasian court explained that to fall within that doctrine, "a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." Id. Accordingly, a "plaintiff alleging extrinsic fraud on a state court" is not barred by Rooker-Feldman because he or she "is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." Id. at 1140–41.

The Supreme Court subsequently explained that Rooker-Feldman does not

> stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a

Case 2:13-cv-06171-CAS-JEM Document 31 Filed 03/16/15 Page 8 of 19 Page ID #:312

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)).

Garver argues that a "fair reading" of the SAC shows that this case is "a pretense to obtain federal review and relief for damages Plaintiff allegedly suffered as a result of unfavorable state court proceedings." Garver contends that it is clear that plaintiff's complaints regarding injuries caused by the state court's rulings fall under the doctrine, and that plaintiff's "contentions that he was somehow denied federal constitutional rights in state court litigation are conclusory." Mot. at 4.

Although the SAC makes clear that plaintiff disagrees with the dismissal of his appeals by the state courts, the SAC's actual claims against Garver, read in the light most favorable to plaintiff, concern improper conduct that led up to the state administrative and court proceedings. The allegations also include efforts to prevent plaintiff from presenting a defense or submitting evidence in those proceedings, which are akin to allegations of extrinsic fraud, and efforts to hinder plaintiff's attempt to have his license reinstated after the conclusion of the state court litigation. These are allegations of illegal acts by an adverse party, not legal errors by the state courts, and whether these contentions are "conclusory" is a merits question, not one of subject matter jurisdiction. For these reasons, the Court concludes that the Rooker-Feldman doctrine does not bar the Court from considering plaintiff's claims against Garver.

**B.    The Eleventh Amendment**

Garver argues that the Eleventh Amendment to the United States Constitution bars plaintiff's suit against her in her official capacity. The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent or congressional abrogation of sovereign immunity. See Hans v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

Louisiana, 134 U.S. 1, 15 (1890). This immunity "bars suit against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." Yakama Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999).

Under the Ex parte Young exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in violation of federal law for prospective injunctive or declaratory relief. Ex parte Young, 209 U.S. 123, 159–60 (1908); see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102–106 (1984). But "[t]his exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct, 506 U.S. at 146; Edelman v. Jordan, 415 U.S. 651, 678 (1974) (holding that a federal court may enjoin an official's future conduct, but may not award retroactive monetary relief).

Under these principles, Garver is immune from plaintiff's claims against her in her official capacity. To the extent plaintiff seeks damages from Garver in her official capacity, such efforts are clearly barred by the Eleventh Amendment. Although plaintiff also alleges that he seeks declaratory and injunctive relief, those requests for relief are based on alleged past violations of federal law, which are not cognizable under the Ex parte Young exception. The Court pointed out in its order dismissing the FAC that plaintiff had not pleaded a claim under Ex parte Young against Garver in her official capacity. Dkt. No. 19 at 10. In granting plaintiff leave to amend, the Court explained that "any amended complaint should state what, if any, prospective relief plaintiff seeks in Garver in her official capacity, based on which continuing violations of federal law." Id. at 11 (emphasis in original). Because plaintiff has failed to remedy these deficiencies despite an explicit invitation to do so, his claims against Garver in her official capacity are dismissed without leave to amend.

The Eleventh Amendment, however, does not bar plaintiff's suit against Garver in her personal capacity. See Hafer v. Melo, 502 U.S. 21, 30–31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983 . . . . nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

acts."). The Court therefore considers whether plaintiff has stated any claim against Garver in her personal capacity.

### C. Statute of Limitations

State personal injury limitation statutes govern § 1983 claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (explaining that the applicable statute of limitations "is that which the State provides for personal-injury torts"); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993) (citing Wilson v. Garcia, 471 U.S. 261, 275 (1985)). "In California, personal injury claims that accrued after January 1, 2003, are subject to a two-year statute of limitations." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2011) (citing Cal. Code Civ. Proc. § 335.1). The "accrual date of a § 1983 cause of action," however, "is a question of law that is not resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). A "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of action." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000)). State tolling rules apply unless they are incompatible with federal law. Azer, 306 F.3d at 936.

Although it is difficult to discern when some of Garver's alleged misconduct occurred, it is clear that (with one exception discussed below), it took place no later than July 2010, and likely no later than April 27, 2010. The SAC expressly alleges that "[m]ost of the violations occurred between 2007–2010," ¶ 46, and some of Garver's alleged misconduct must have preceded 2007, as plaintiff filed for bankruptcy allegedly precipitated by that conduct in that year. The only post-2010 conduct that could be construed as alleged against Garver is that in December 2013 or shortly thereafter, "Defendants" contacted physicians who had recommended that plaintiff's license be reinstated and "cautioned them about recommending that [plaintiff's] license be restored."[3] Garver was first named as a defendant when the First Amended Complaint

---

[3] Allegations of "trickery" used in May 2012 to deny plaintiff an administrative hearing are limited to Richardson and two non-parties. Id. ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

("FAC") was filed on March 10, 2014.[4]  Thus, unless some form of tolling or delayed accrual applies, claims based on any conduct occurring before March 10, 2012—including all of plaintiff's allegations against Garver with the exception of the 2013 warnings not to support plaintiff's reinstatement—are time-barred.

      Plaintiff argues that his claim did not accrue until July 14, 2012, when the California Supreme Court refused to hear the appeal of his medical license revocation. See SAC ¶ 45 ("With that decision [by the California Supreme Court] the cause of action was complete.").  But it is not clear how plaintiff would not have known of the injuries caused by Garver's alleged mistreatment of him until that time.  Azer, 306 F.3d at 936. Indeed, a conclusion that plaintiff's claims did not accrue until the California Supreme

---

      [4]Plaintiff first filed a complaint in this action on August 22, 2013.  The original complaint named as defendants only "Kamala Harris, Attorney General" and "Sanford Feldman, Deputy Attorney General."  Dkt. No. 1.  Plaintiff filed the FAC on March 10, 2014.  Dkt. No. 4.  The FAC named as a defendant "Tamara Jazzie," which plaintiff asserts is Garver's maiden name; Garver was served in July 2014, and joined in a motion to dismiss the FAC.  Dkt. Nos. 10, 12.  Because Garver was not named in and does not appear to have been served with the original complaint that was filed on August 22, 2013, she cannot be said to have been on notice of plaintiff's claims against her prior to the filing of the FAC.  See Fed. R. Civ. P. 15(c)(1) (providing that an amended complaint changing a defendant relates back to the original complaint only if the defendant "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity").  Therefore, to the extent plaintiff argues that his claims against Garver relate back to the filing of the original complaint on August 22, 2013, the Court disagrees.  This point is, however, immaterial: because a two-year statute of limitations applies, and the allegations in question took place in July 2010 and earlier, the allegations would be time-barred even if plaintiff's claims against Garver were deemed to relate back to the August 22, 2013 filing of his original complaint, or even to plaintiff's alleged attempt to file this action with a fee waiver in March 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

Court declined to hear plaintiff's appeal would implicate the Rooker-Feldman bar against suits for injuries caused by an adverse state court judgment.[5]

To the extent that plaintiff argues that the allegations supporting his § 1983 claims should be deemed tolled by his appeal of his medical license revocation, that argument is unavailing. For the pendency of prior judicial proceedings to equitably toll the statute of limitations, there must be "(1) timely notice to the defendant in filing the first claim; (2) a lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001) (en banc) (quoting Collier v. City of Pasadena, 142 Cal. App. 3d 917, 923 (1983)). The "timely notice" element requires that the plaintiff have filed, within the applicable statutory period, a claim that "alert[s] the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." Collier, 142 Cal. App. 3d at 924. "To satisfy the second requirement 'the facts of the two claims [should] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.' " Daviton, 241 F.3d at 1139 (quoting Collier, 142 Cal. App. 3d at 925). Accordingly, "California has long refused . . . to toll the statute of limitations on a claim for a distinct wrong that was not the basis of the earlier proceeding." Id. at 1141 (emphasis in original).

Plaintiff alleges that he appealed the Medical Board's default decision, and that his case was remanded multiple times "for clarification as to what evidence . . . [the Medical Board] relied on to support its findings." SAC ¶ 36.[6] Plaintiff has not alleged that the allegations of racial discrimination supporting his § 1983 claim were raised in the state court proceedings; in fact, he expressly alleges that the issues he raises in federal court

---

[5]The Court noted this problem in dismissing the FAC with leave to amend. See Dkt. No. 19 at 8–9 & n.6.

[6]To the extent that plaintiff argues that he would not have been able to bring a federal suit for Garver's alleged constitutional torts until he had exhausted his state court remedies, the "exhaustion of state administrative remedies" is not "required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

were not "raised in state court." SAC ¶ 28. Thus, the instant allegations are "far afield from the facts of the administrative proceedings—too different to toll the statute of limitations based on pursuit of other remedies." Walia v. Cal. Veterinary Med. Bd., Civ. No. S-09-1716 FCD GGH PS, 2010 WL 2553992, at *4 (E.D. Cal. June 18, 2010) (holding statute of limitations for § 1983 claims based on ethnic discrimination was not tolled while veterinarian sought administrative review of state board decision denying his license application). The fact that plaintiff contested the default decision to revoke his medical license, and then appealed that decision to the California courts, would not have put Garver on notice that she would be sued for violating plaintiff's constitutional rights through discriminatory actions dating back several years.

Plaintiff also appears to assert that his claims are timely because it was not until after the California Supreme Court denied his writ that he went to a law library and "discovered Ex parte Young which gives [him] a federal claim." Id. ¶ 46. But where the plaintiff is aware of the facts underlying his claim, "[t]he plaintiff's ignorance of the cause of action . . . does not toll the statute" of limitations." El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1039 (9th Cir. 2003) (citing April Enter., Inc. v. KTTV & Metromedia, Inc., 147 Cal. App. 3d 805 (1983); accord Garabedian v. Skochko, 232 Cal. App. 3d 836, 840 (1991).

Finally, plaintiff argues that the "continuous accrual doctrine permits Plaintiff to pursue his claims." Opp'n at 2. But this doctrine "applies where there is 'no single incident' that can 'fairly or realistically be identified as the cause of significant harm.' " Flowers v. Carville, 310 F.3d 1118, 1126 (9th Cir. 2002) (quoting Page v. United States, 729 F.2d 818, 821 (D.C. Cir. 1984)). In a § 1983 case, " 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.' " Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)); see RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1061 (9th Cir. 2002) (explaining in § 1983 case that Morgan "overruled previous Ninth Circuit authority holding that, if a discriminatory act took place within the limitations period and that act was 'related and similar to' acts that took place outside the limitations period, all the related acts—including the earlier acts—were actionable as part of a continuing violation"). Under Morgan, "the statute of limitations runs separately from each discrete act" of which a plaintiff complains. RK Ventures, 307 F.3d at 1061. Additionally, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

"continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981).

That Garver allegedly cautioned physicians against supporting plaintiff's reinstatement in 2013 does not make actionable otherwise time-barred conduct occurring in 2010 and earlier. First, plaintiff alleges discrete instances of misconduct by Garver—for example, that she imposed excessive probation requirements, informed nursing homes that plaintiff had been disciplined for unstated reasons, and subjected plaintiff to an unnecessary and humiliating drug test. Each of these actions is a discrete wrong, which injured plaintiff at the time it was committed. See Williams v. Univ. Med. Ctr. of S. Nev., No. 2:09-cv-00554-PMP-PAL, 2010 WL 3001707, at *2 (D. Nev. July 28, 2010) (finding to be "discrete" alleged acts relating to anesthesiologist's suspension, including inadequate notice of summary suspension, failure to turn over documents to enable preparation for a hearing, and other conduct "throughout the disciplinary proceedings up to and including the Board's decision"). But even assuming that Garver's "course of conduct throughout the disciplinary proceedings up to and including the [Medical] Board's decision could be considered continuing conduct, the [Medical] Board issued its decision" in July 2010, at which point injuries from misconduct intended to strip plaintiff of his license would have accrued if they had not already. Id.; see Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 927 (9th Cir. 2004) (holding that claims for constitutional violations related to denial of physician assistant's license reinstatement application accrued when plaintiff received notification of board's proposal to deny her license reinstatement). Garver's alleged post-filing interference with plaintiff's separate reinstatement action cannot restart the clock on those already accrued claims. See Womack v. McTeague, No. 2:10-cv-332-SU, 2012 WL 3011006, at *6–10 (D. Or. June 11, 2012) (treating separately time-barred allegations pertaining to improper revocation of chiropractor's license, and timely allegations pertaining to request for reinstatement). For these reasons, plaintiff's claims against Garver for conduct predating March 10, 2012 are time-barred.

In dismissing the FAC with leave to amend, the Court explained that plaintiff's claims were time-barred as pled to the extent they concern events predating March 10, 2012. Dkt. No. 19 at 8. The Court admonished plaintiff that "any amended pleading should contain sufficient specific factual matter—including, to the extent possible, relevant dates—to show that plaintiff's claims against Garver in her individual capacity are not barred by the two-year statute of limitations." Id. at 11. Despite this admonition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

plaintiff has failed to plead facts that suggest that Garver's conduct in 2010 and prior years does not fall outside of the statute of limitations. Accordingly, the time-barred claims are dismissed without leave to amend.

### D. Whether the Timely Allegations State a Claim

As indicated above, the only factual allegation against Garver that is not time-barred is that, in December 2013 or shortly thereafter, Garver discouraged physicians from "recommending that [plaintiff's] license be restored." SAC ¶ 43. With this in mind, the Court determines whether plaintiff has timely stated any cognizable claim for relief. Each of plaintiff's claims arises under 42 U.S.C. § 1983. To state a constitutional claim under that statute, "a plaintiff must allege that (1) he or she was deprived of a right secured by the Constitution or federal law; and (2) the defendant acted 'under color of state authority' in depriving the plaintiff of this right." Franklin v. Terr, 201 F.3d 1098, 1100 (9th Cir. 2000).

    1. Plaintiff Eighth Amendment Claim

Plaintiff's first claim for relief is brought under the Eighth Amendment, which applies only to governmental conduct intended to punish criminal or quasi-criminal activity. See Ingraham v. Wright, 430 U.S. 651, 668–69 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); Shah v. County of Los Angeles, 797 F.2d 743, 745 n.1 (9th Cir. 1986) ("The Supreme Court has held that the eighth amendment protects only those who have been convicted of a crime."). Because improper probation and license revocation related conduct by the Medical Board and its staff simply cannot implicate the type of criminal punishment with which the Eighth Amendment is concerned, this claim is dismissed without leave to amend.

    2. Plaintiff's Equal Protection Claim

To state a § 1983 claim for violation of equal protection, a plaintiff must allege that he is a member of a protected class, and was treated differently than similarly situated individuals. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992). The plaintiff must plead "that the defendants acted with an intent or purpose to discriminate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has alleged that he is African-American, and thus that he is a member of a protected class. See SAC ¶ 24; RK Ventures, 307 F.3d at 1056. Read in the light most favorable to plaintiff, the SAC alleges that Garver took special efforts to interfere with his license reinstatement, treating him differently than others similarly situated. SAC ¶ 43. He has alleged that his race was the reason for these efforts. See SAC ¶¶ 24, 26, 63.[7] And he has alleged that those actions were taken under color of state law by a state employee, in connection with his application for reinstatement of a state-issued license. Id. ¶¶ 6, 62. Therefore, the Court finds that plaintiff has stated a claim for violation of his equal protection rights under the Fourteenth Amendment.

3. Plaintiff's Due Process Claim

Plaintiff's third claim for relief is for violation of his constitutional due process rights. A § 1983 claim based on violation of the Fourteenth Amendment's due process clause "has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

"[L]icenses which enable one to pursue a profession . . . are protected property interests for purposes of [the] Fourteenth Amendment." Jones v. City of Modesto, 408 F. Supp. 2d 935, 950 (E.D. Cal. 2001); see Sabow v. United States, 93 F.3d 1445, 1456 (9th Cir. 1996) (describing a medical license as a "constitutionally protected property

---

[7]Although they are time-barred and cannot form the substantive bases of plaintiff's claims, plaintiff's allegations that he was given substantially harsher probationary conditions than any other physician, and that the harsher discipline lacked a nexus to his alleged misconduct, can support his allegations of racial motive. SAC ¶¶ 14, 61; see Carpinteria Valley Farms, 344 F.3d at 829 (time barred allegations can be used "as evidence to establish motive and to put [a plaintiff's] timely-filed claims in context"); RK Ventures, 307 F.3d at 1050 ("In assessing whether acts occurring within the limitations period are constitutional, we may look to prelimitations period events as evidence of an unconstitutional motive.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

interest"). Whether an applicant for a license has a constitutionally protected interest can be a more fact-dependent question. For example, in Greenwood v. Federal Aviation Administration, 28 F.3d 971 (9th Cir. 1994), the Ninth Circuit held that a pilot had no constitutionally protected interest that could have been violated when the FAA declined to renew his "pilot examiner designation," a one-year, renewable professional certification that delegates from the FAA to an individual the "authority to test pilots and to issue pilot certificates." Id. at 973. The court held that because the decision to renew was "left to the complete discretion of the granting agency," and there was "no 'right' to automatic renewal," the pilot's expectation that the designation would be renewed was "unilateral," and not a constitutionally protected "claim of entitlement." Id. at 976.

     Nevertheless, a "State cannot exclude a person from the practice of . . . [an] occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." Schware v. Bd. of Bar Exam'rs, 353 U.S. 232, 238–39 (1957). And in Olsen v. Idaho State Board of Medicine, 363 F.3d 916 (9th Cir. 2004), the Ninth Circuit indicated in dicta that allegations of discriminatory misconduct relating to a physician assistant's application for reinstatement of her license in Idaho, and the Idaho Board's alleged interference with her application for a license to practice in Utah, raised "due process concerns" and could "rise to a constitutional claim." Id. at 920–21, 927 n.7. Accordingly, the Court does not find it appropriate to dismiss plaintiff's due process claim for lack of a constitutionally protected property or liberty interest at this stage of the litigation. For the same reason, if plaintiff's application for reinstatement has been denied (and there is no indication in the SAC that the application is still pending), plaintiff may be able to show a deprivation of that protected right. Finally, plaintiff's contentions that Garver interfered with his application for reinstatement by warning off physicians who would support that application, and did so because of racial bias, are sufficient, at the pleading stage, to allege that plaintiff has ben afforded inadequate process. Therefore, the Court DENIES Garver's motion to the extent she seeks to dismiss plaintiff's due process claim.[8]

---

     [8]Plaintiff has not asserted a separate § 1983 claim for violation of his Fourth Amendment rights, but includes argument in his opposition that appears directed at such a claim. Opp'n at 6–7. Because the allegations on which plaintiff bases this argument—the alleged drug test during his probation—are time-barred, the Court does not address whether the SAC could be construed as alleging a Fourth Amendment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

### E. Immunity

Garver argues that all claims against her in her personal capacity are barred by absolute immunity based on her prosecutorial function in plaintiff's probation and license revocation proceedings. "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." Burns v. Reed, 500 U.S. 478, 486–878 (1991). Absolute "prosecutorial immunity" extends to "agency officials performing certain functions analogous to those of a prosecutor." Butz v. Economou, 328 U.S. 478, 515 (1978). However, "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Determining whether absolute immunity applies therefore requires determining whether the official was functioning as an "advocate" with regard to the specific conduct at issue. Id. at 274. Because of the functional and fact-specific nature of the prosecutorial immunity inquiry and the limited extent of the current factual record, and because Garver cites no case in which a similar state agency's probation officers or other staff (as opposed to the board or commission members themselves) were found to be entitled to absolute immunity, the Court finds that this issue is better decided on a motion for summary judgment.

Similarly, without expressing any opinion as to its ultimate applicability to this case, the Court finds that dismissal on qualified immunity grounds is unwarranted at this juncture. "Qualified immunity protects government officials performing discretionary functions from liability for civil damages, unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In a § 1983 action, the government official is entitled to qualified immunity unless "(1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the [official's] conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable [official] would have understood her conduct to be unlawful in that situation." Green v. City & Cnty. of San Francisco, 751 F.3d 1039, 1051–52 (9th Cir. 2014) (quoting Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011)). The second part of this inquiry "requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established and (2) whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-6171-CAS(MANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | LLOYD G. WHITE v. KAMALA HARRIS, ET AL. | | |

the facts alleged could support a reasonable belief that the conduct in question conformed to the established law." Id. at 1052.

     Garver argues that she is entitled to qualified immunity "because it is not 'clearly established' that her insistence on Plaintiff's abiding by the terms of his stipulated medical license probation subjects her to liability for a Fourteenth Amendment violation." Mot. at 10. But as discussed above, the timely filed claims at issue relate to plaintiff's claim that Garver contacted physicians supporting plaintiff's license reinstatement application, and cautioned them against recommending that reinstatement, and did so because of racial animus. Taking the "facts alleged . . . in the light most favorable to the party asserting injury," Garver has advanced no argument that would support a ruling that she could not have reasonably known that this conduct did not conform to established law. See Green, 751 F.3d at 1051. Therefore, the Court finds that qualified immunity does not justify dismissal at this point, but does so without prejudice to the argument being renewed at a later stage of the proceedings.

## V.    CONCLUSION

     In accordance with the foregoing, Garver's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is granted insofar as it seeks to (1) dismiss plaintiff's claims against Garver in her official capacity; (2) dismiss as time-barred plaintiff's claims based on conduct predating March 10, 2012; and (3) dismiss plaintiff's Eighth Amendment claim. The motion is otherwise denied. Garver shall have until **April 16, 2015** to file an answer to the SAC.

     IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |